IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEBORAH M. MOONEYHAN and**      **PLAINTIFFS**
**MICHAEL MOONEYHAN**

**V.**      **NO. 4:15-CV-181-DMB-DAS**

**WAL-MART STORES, INC. and**
**WAL-MART STORES EAST, LP**      **DEFENDANTS**

**V.**

**JONES STEPHENS CORPORATION,**
**THE ROOTO CORPORATION, and**
**JOHN DOES A, B AND C**      **THIRD-PARTY DEFENDANTS**

## ORDER DENYING MOTION FOR RESCHEDULING OF TRIAL

On July 15, 2016, The Rooto Corporation ("Rooto") filed a motion asking the Court "to reschedule this case for trial on another date in 2017." Doc. #65. As grounds, Rooto represents that its counsel has a conflict with the current trial date of August 14, 2017, due to a state court case with an August 7, 2017, trial, which was set in May 2016[1] and is estimated to last over one week. *Id.* at ¶ 2. Rooto also represents that its counsel has communicated with counsel for the other parties and all are generally available in 2017 in May, June, August, September and December, with limited exceptions,[2] and that Plaintiffs' counsel "would prefer a new trial date prior to the present August 14 date," which Rooto's counsel does not oppose. *Id.* at ¶ 4.

On July 8, 2016, United States Magistrate Judge David A. Sanders entered an order: (1) amending the case management order after finding that "the addition of new defendant/cross-defendants" constituted good cause to do so, and (2) resetting the trial, with the assent of the

---

[1] The instant federal court case was first set for trial in February of this year. Doc. #15.

[2] The exceptions are May 18, June 19-23, and August 1-18, of 2017.

undersigned. Doc. #63. The case management deadlines were amended to include the requirement that "[a]ll motions, including *Daubert* motions … shall be filed not later than January 23, 2017," *id.* at ¶ 5, which deadline necessarily applies to the filing of any dispositive motions. Because this Court requires a certain period of time between the dispositive motions deadline and trial, to move the trial in this case to a date earlier than August 14, 2017, available to the Court and all parties and their counsel would necessitate that the dispositive motions deadline also be moved to an earlier date. An earlier dispositive motions deadline in the normal course would, in turn, impact the January 9, 2017, amended deadline for the completion of discovery and could also impact the amended deadline for the designation of experts. Until such time as the parties and their counsel all indicate they are amenable to shortening the time for the completion of discovery and, if necessary, the designation of experts, such that the motions deadline may be set earlier than January 23, 2017, the Court will not reset trial for a date earlier than August 14, 2017.

Additionally, Rooto's request to reschedule the trial, now a year away, based only on its counsel's conflict due to a scheduled state court trial is, at this point, premature.[3]

For the reasons above, Rooto's motion to reschedule the trial date [65] is **DENIED**. Rooto may renew its request to change the trial date at a later point consistent with this order.

**SO ORDERED**, this 21st day of July, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Rooto acknowledges that the state court case may settle, although its counsel believes "there is less likelihood" for such when compared to "other civil cases given the highly contested issues." Doc. #65 at ¶ 2. But, like any other civil case, a chance of settlement also exists in this case. Given the unknowns and possibilities at this stage, no matter what probabilities may be predicted, the Court does not deem it prudent to alter the trial date so far in advance. If the conflict described still exists at a point before the expiration of the motions deadline, the Court will evaluate any renewed motion in accordance with the local rules of the Court.