# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DEBORAH M. MOONEYHAN AND**  **PLAINTIFFS**
**MICHAEL MOONEYHAN**

**V.**  **NO. 4:15-CV-00181-DMB-DAS**

**WAL-MART STORES, INC. and**
**WAL-MART STORES EAST, LP**  **DEFENDANTS**

**V.**

**JONES STEPHENS CORPORATION,**
**HI-TEC LABORATORIES, INC.,**
**THE ROOTO CORPORATION and**
**JOHN DOES A, B AND C**  **THIRD-PARTY DEFENDANTS**

## ORDER DENYING MOTION TO DISMISS

On December 11, 2015, Wal-Mart Stores, Inc., filed a motion requesting its dismissal with prejudice from this action on grounds that: (1) it "does not own or operate the department store … and has no involvement or control over the alleged premises and incident which allegedly resulted in damages to Plaintiffs; (2) "the legal entity which operates the subject department store … is Defendant Wal-Mart Stores East, LP; (3) the Court lacks personal and subject matter jurisdiction over it; and (4) the complaint fails to state a claim against it for which relief can be granted. Doc. #3. In violation of this Court's Local Rules, Walmart Stores, Inc., failed to file a memorandum brief in support of its motion to dismiss. *See* L.U. Civ. R. 7(b)(4) ("At the time the motion is served, … counsel for movant must file a memorandum brief in support of the motion."). As Local Rule 7(b)(4) instructs, the "[f]ailure to timely submit the required motion documents may result in the denial of the motion."

Here, because Wal-Mart Stores, Inc., failed to file a memorandum brief that cites supporting authority regarding the matters it asserts as the bases for its dismissal,[1] the motion to dismiss [3] is **DENIED**.[2]  *See C.W.P. v. Brown*, 56 F.Supp.3d 834, 839 (N.D. Miss. 2014) (dismissing individual capacity claims against defendants where plaintiff filed no memorandum and cited no authority).

**SO ORDERED**, this 6th day of September, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Wal-Mart Stores, Inc., also failed to submit any evidence to substantiate the conclusory statements on which its request for dismissal is premised.

[2] The Court notes that on February 8, 2016, a "Stipulation of Dismissal without Prejudice of Wal-Mart Stores, Inc." was filed, signed by counsel for the plaintiffs, Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP. Doc. #21. In the stipulation, the plaintiffs, Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP, "pursuant to Rule 41 of the Federal Rules of Civil Procedure, … stipulate that all rights, claims, cross-claims, counter-claims, and any causes of action whatsoever arising out of or connected with the above styled and numbered cause, whether or not correctly stated in the Complaint or any pleadings filed herein, as to Wal-Mart Stores Inc. shall be dismissed without prejudice" and that "Wal-Mart Stores East, LP shall remain a Defendant herein." Rule 41(a)(1)(A)(ii) provides that "the plaintiff may dismiss an action without a court order by filing … a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). At the time the stipulation was filed, the only parties who had appeared in this case were the plaintiffs, Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP. Subsequently, however, on May 3, 2016, the plaintiffs filed an amended complaint, with leave of the Court, naming both Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP, as defendants. Doc. #36. Two days later, Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP, filed a third-party complaint against Jones Stephens Corporation, Hi-Tec Laboratories, Inc., The Rooto Corporation and John Does A, B and C. Doc. #37. The plaintiffs' amended complaint does not reference, adopt, or incorporate their original complaint; therefore, Wal-Mart Stores, Inc.'s motion to dismiss may also be denied as moot. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("[A]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").